IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        No. 24 CR 539 DHU

LABAR TSETHLIKAI,

    Defendant.

## DEFENDANT'S UNOPPOSED MOTION TO CONTINUE TRIAL AND EXTEND TIME TO FILE PRETRIAL MOTIONS

    Defendant Labar Tsethlikai, by and through his Counsels of record, Hadley Brown, Aric Elsenheimer, and Andrea Luem, moves this Court to continue the jury trial currently scheduled on October 7, 2024, and to vacate and reschedule all other deadlines and settings in this matter for one hundred and twenty (120) days. In support of his motion, Mr. Tsethlikai states:

    1.    On May 1, 2024, Mr. Tsethlikai pled not guilty to a single-count Indictment.

    2.    Later in May, the government disclosed more than two thousand items of discovery related to the single count indictment.

    3.    On July 31, 2024, the government filed a superseding indictment which includes 11 counts and six different John Does. If convicted of some of the counts, Mr. Tsethlikai faces a potential sentence of death or life imprisonment. The indictment includes special findings pursuant to 18 U.S.C. §§ 3591 and 3592 indicating that the government is considering pursuing the death penalty as to Count 1.

1

4.      The government disclosed additional discovery on July 31, 2024. In August, they disclosed multiple expert witnesses. Discovery is now numbered up to 5,373 items. Defense Counsel anticipates the government will disclose more evidence.

5.      This Court appointed Andrea Luem as Learned Counsel just one month ago on August 6, 2024.

6.      Mr. Tsethlikai requests a continuance to complete several tasks that are vital to the defense. Specifically, Mr. Tsethlikai requests one-hundred-and-twenty (120) days from the current setting to fully investigate the allegations in the superseding indictment (ECF No. 24), to engage in negotiations with the government and determine whether the government will seek the death penalty, and to prepare for trial if necessary. In this case, one-hundred-and-twenty days is the estimated minimum amount of time needed to adequately accomplish those tasks. Defense counsel cannot and will not be ready for trial in advance of one-hundred-and-twenty days from the current setting.

7.      The Defense Team requires additional time to review and discuss the discovery, on their own and with Mr. Tsethlikai. A lot of the discovery is subject to a protective order which means that Mr. Tsethlikai must review it in the presence of Defense Counsel. Discovery review and assessment will be a time-consuming process.

8.      Furthermore, the Defense Team must engage in a great deal of investigation. The scope of the fact and mitigation investigations is large, and the process of discovering investigative leads is ongoing as the Team continues to review and digest the discovery. Before defense counsel can adequately advise Mr. Tsethlikai about his legal options, counsel must conduct a thorough and complete investigation into each count charged.

Defense counsel has a recognized duty to conduct a reasonable investigation. *See Strickland v. Washington,* 466 U.S. 668, 691, 104 S. Ct. 2052 (1984).

9. Defense counsel also requires the additional 120 days to determine whether to file pretrial motions and to prepare those motions. Defense counsel cannot adequately advise Mr. Tsethlikai on pretrial motions prior to conducting a thorough review of all discovery, including any discovery not yet disclosed. Defense Counsel must also review relevant caselaw, complete the defense investigation, assess the impact of the discovery and defense investigation on any potential motions or defenses, and adequately discuss Mr. Tsethlikai's rights and legal defenses. This cannot be accomplished without the requested continuance.

10. Defense Counsel will also require time to discuss with Mr. Tsethlikai any plea offer extended by the United States. Again, Defense counsel must conduct a thorough discovery and caselaw review and complete the defense investigation before effectively advising Mr. Tsethlikai on any potential negotiated resolution in this case. *Missouri v. Frye*, 566 U.S. 133, 145, 132 S.Ct. 1399, 1408, 182 L.Ed.2d 379 (2012)("This Court now holds that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused.").

11. If the parties cannot reach a negotiated resolution, defense counsel requires additional time to prepare for trial. Mr. Tsethlikai's right to the effective assistance of counsel includes adequate time to prepare for trial and effectively complete a defense

3

investigation. Without this time to prepare, Mr. Tsethlikai will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized:

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940)).

12. Mr. Tsethlikai therefore respectfully requests a continuance of one-hundred-and-twenty (120) days to continue thoroughly investigating the case and preparing for trial. Mr. Tsethlikai cannot be and will not be ready for trial in advance of one-hundred-and-twenty (120) days from the current setting. Counsel believes that length of time to be the minimum needed to thoroughly review all discovery, to continue the defense investigation, to engage in negotiations with the United States, to file any pretrial motions, and to ensure Mr. Tsethlikai receives effective assistance of counsel and is afforded due process.

13. The continuance will not prejudice Mr. Tsethlikai as it will allow counsel an opportunity to prepare an effective defense. Counsel has informed Mr. Tsethlikai of the need for a continuance and respectfully requests that the Court continue trial for 120 days from the current setting.

14. In accordance with 18 U.S.C. § 3161(h)(7)(A), undersigned counsel affirmatively states that granting this extension of time in which to file motions and a continuance of the trial will serve the ends of justice. *See United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009) ("The Speedy Trial Act was intended not only to protect the interests of defendants but was also 'designed with the public interest firmly in mind.'") (quoting *Zedner v. U.S.*, 547 U.S. 489, 504 (2006)). As part of its analysis, a Court must consider "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible or result in a miscarriage of justice." *Toombs*, 574 F.3d at 1267 (10th Cir. 2009). Additional time in this matter will serve the ends of justice by allowing defense counsel to complete a thorough review of all discovery, adequately investigate the case, and prepare and file any necessary pretrial motions.

15. Additionally, a continuance will provide the parties time to discuss a possible negotiated resolution, which could materially benefit both parties and the Court. The Federal Rules of Criminal Procedure, the Speedy Trial Act, and the Federal Rules of Evidence all contemplate the use of pre-trial resources in the effort to settle cases without trial. *See Connolly v. United States,* 2013 WL 530869 (D. N.J. Feb. 11, 2013) (waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to the objectives underlying the Speedy Trial Act of 1974, 18 U.S.C. § 3161, et seq.); *United States v. Stanton,* 94 F.3d 643 (4th Cir. 1996) (unpublished) ("it is also clear that the obvious reason the district court granted the motion was to conserve judicial resources by avoiding potential piecemeal litigation, and this justified an ends of justice finding under §

3161"); *United States v. Stradford,* 394 F. App'x, 927, 2010 WL 3622995 (3d Cir. 2010) (unpublished) (affirming the grant of a continuance for several reasons including the time to discuss plea negotiations and the continuance would likely conserve judicial resources).

16. This Motion is not predicated upon the congestion of the Court's docket.

17. Counsel for the United States, Assistant United States Attorney Matthew McGinley, does not oppose this continuance.

**WHEREFORE**, Mr. Tsethlikai respectfully requests that this Court continue the jury trial and motions deadline for one-hundred-and-twenty (120) days as set forth above.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
hadley_brown@fd.org

*Electronically filed September 6, 2024*

/s/ *Hadley Brown*_____
HADLEY BROWN, AFPD
ARIC ELSENHEIMER, AFPD
Attorneys for Defendant