UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                      Crim. No. 24-539 DHU

**LABAR TSETHLIKAI**,

    Defendant.

**UNITED STATES' OPPOSED MOTION
TO DESIGNATE CASE AS COMPLEX**[1]

The United States moves for an order: (1) designating this case as complex under 18 U.S.C. § 3161(h)(7)(B)(ii); (2) ordering that Rules 2 and 3 of the Court's Local Rules of Criminal Procedure do not apply to this case; and (3) permitting the parties to submit a joint scheduling order within 30 days of the entry of an order designating this case as complex for review and acceptance by the Court.

**I.   BACKGROUND**

    **A.  The Charges**

On April 25, 2024, a federal grand jury charged Defendant with a single count of second-degree murder in violation of 18 U.S.C. §§ 1153 and 1111. Doc. 2. On May 1, 2024, a federal magistrate judge ordered Defendant detained pending trial. Docs. 9 and 16. On July 31, 2024, a federal grand jury returned an 11-count superseding indictment, charging Defendant with interstate kidnapping resulting in death, first degree murder, first degree felony, kidnapping resulting in

---

[1] As stated herein, defense counsel is opposed to a complex case designation but is not opposed to a continuance of the February 2025 trial setting.

death, kidnapping, assault with intent to commit murder, assault resulting serious bodily injury, aggravated sexual abuse, and kidnapping in violation of 18 U.S.C. § 1201(a)(l) and §§ 1153, 1111, 1201(a), 113(a)(1), 113(a)(6), and 2241. Doc. 24 ("Superseding Indictment"). The Superseding Indictment identified 6 different victims, with counts coving a period of approximately 14 months. The Superseding Indictment also included in relation to Count 1, that being Kidnapping Resulting in Death, a "Notice of Special Findings" under 18 U.S.C. §§ 3591 and 3592.  These findings, which are made in support of a sentence of death, included, among other things, information about Defendant's prior criminal convictions, premeditation, and that the offense was committed in an especially heinous, cruel, or depraved manner. *See* Superseding Indictment.  Given that the Superseding Indictment carried a potential penalty of death, the Court appointed learned counsel on August 6, 2024, in accordance with 18 U.S.C. § 3005.  Doc. 27.

On December 18, 2024, a federal grand jury returned a "Second Superseding Indictment," charging 17-Counts that correspond to 11 John Does: Count 1: 18 U.S.C. § 1201(a)(1): Kidnapping Resulting in Death; Count 2: 18 U.S.C. §§ 1153 and 1111: First Degree Murder; Count 3: 18 U.S.C. §§ 1153 and 1111:  First Degree Felony Murder; Count 4: 18 U.S.C. §§ 1153 and 1201(a): Kidnapping Resulting in Death; Counts 5, 6, 9, 11, 13, and 14: 18 U.S.C. §§ 1153 and 1201(a): Kidnapping; Count 7: 18 U.S.C. §§ 1153 and 113(a)(1): Assault with Intent to Commit Murder; Count 8: 18 U.S.C. §§ 1153 and 113(a)(6): Assault Resulting in Serious Bodily Injury; Count 10: 18 U.S.C. §§ 1153, 2241, and 2246(2)(B): Aggravated Sexual Abuse; Count 12: 18 U.S.C. §§ 1153 and 113(a)(3):  Assault with a Dangerous Weapon; and Counts 15, 16, and 17: 18 U.S.C. § 1201(a)(1): Kidnapping.  Doc. 52.  The Second Superseding Indictment likewise includes an identical "Notice of Special Findings" section in relation to Count 1.

### B. The Current Litigation and Trial

This case is currently set for trial on February 3, 2025. Doc. 42. At this point in the litigation, the United States has noticed several categories of self-authenticating documents under Rule 902, Docs. 30–32, 48–49, Rule 609 evidence, Doc. 39, and five categories of expert testimony, with categories including several witnesses, some on subjects ranging from DNA to electronically generated evidence. Docs. 30, 31, 32, 48, 49, 50.[2] Many of these notices and upcoming notices cover dozens of warrants, which have been executed and returned to uncover the full scope of Defendant's criminal conduct. Indeed, Defendant's conduct creates a high likelihood for hundreds of potential trial witnesses. During this time, the United States has complied, and continues to comply, with its discovery obligations, including producing unredacted discovery in accordance with several protective orders. At this point, the parties have in their possession for preparation of trial thousands upon thousands of pages of discovery that supports Defendant's criminal conduct, including countless police reports that cover several tribal, state, and federal agencies, multiple medical reports, pathological findings, scene photographs, dozens of phone extractions, numerous Google and cellular location returns, other warrant returns, DNA reports, and recorded statements.

Pursuant to the Local Rules, the parties have only a few weeks to confer and file pretrial motions. After conferring with Defense Counsel, Defendant is opposed to a complex case designation but is not opposed to a continuance of the February 2025 trial setting. Notably, there

---

[2] Additional expert notices may be forthcoming.

have been no pretrial motions, notices, or substantive docket entries filed by the defense in this case.

II. **ARGUMENT**

The Court must determine "[w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii).

This case meets these requirements. As Judge Browning explained in *United States v. Loera*,

> [c]omplex cases typically involve multiple defendants, voluminous discovery, a large number of witnesses, complex legal or factual issues—or often a combination of these factors. Many multi-defendant drug-conspiracy cases are complex, because they usually involve a large number of defendants, hundreds of intercepted telephone calls, thousands of pages of linesheets, and many witnesses. It often takes a long time for the defendants in those cases to figure out whether and when to plead guilty, and which of the myriad issues they should contest with pretrial suppression motions.

No. CR 13-1876 JB, 2015 WL 13662859, at *7 (D.N.M. May 19, 2015); *C.f. United States v. Garcia*, No. CR 15-4275 JB, 2016 WL 9021830, at *9 (D.N.M. Dec. 19, 2016) (denying sole defendant's request for complex case designation). All of these factors are present here.

The Second Superseding Indictment, although featuring a staggering 17 counts against 11 victims, over a period of years, nonetheless, represents only a subset of potential charges in this matter. New victim identification, which has occurred several times since the initial indictment and is still ongoing, may necessitate that United States supersede yet again, adding additional charges concerning additional victims.

Even then, the Second Superseding Indictment itself is complicated. The discovery accumulated during the ongoing investigation of this case is substantial. The charged conduct involves 11 victims, with several more potential victims already identified in discovery, dozens of search warrants, including cellular and google location data, approximately 18–20 electronic devices with corresponding extractions and metadata, several searched residences and vehicles with corresponding physical evidence, a large of amount DNA evidence and testing, and countless reports and recordings that cover tribal, state, and federal agencies, among other things.

The full set of potential discovery is measured in dozens and dozens of gigabytes (for example, Defendant's phone extractions was approximately 12 GB) and has been produced as it has been received and processed; it is still ongoing given the massive technical demands of producing this volume of data in relation to Defendant's prolific criminal conduct. *See, e.g.*, *United States v. Baca*, No. CR 16-1613 JB, 2016 WL 6404772, at *33 (D.N.M. Oct. 20, 2016) (granting complex case designation and citing "massive amounts of discovery").

Once discovery is tendered, counsel for Defendant must have sufficient time to review the discovery with their client. Once the discovery is reviewed, defense counsel will need a considerable period of time to advise their client, conduct plea negotiations,[3] file pretrial motions, and/or prepare for trial. The United States respectfully submits that defense counsel will likely require more time than the time-period permitted pursuant to a standard order to undertake their review of discovery and prepare motions, especially given that defense counsel has yet to file a single notice or motion. No defense attorney, no matter how diligent, could meet his or her own

---

[3] The United States notes that it is currently reviewing this matter and has yet to file a seek or no seek notice with the Court in accordance with 18 U.S.C. § 3593.

discovery obligations and motions deadlines in this matter. Even understanding the complex facts will likely require multiple meetings with Defendant.

And irrespective of the numerous counts, numerous victims, investigation that covers the entire state of New Mexico, and vast discovery, defense counsel also has an additional undertaking in light of the potential sentence of death carried by Count 1, which is further supported by the statutorily appointed learned counsel. With all of this, the ends of justice served by setting this case for trial on a date beyond the current trial setting outweigh the best interest of the public and Defendant's right to a speedy trial in accordance with the current case schedule. *See* 18 U.S.C. § 3161(h)(7)(A).

### III.   CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court: (1) designate this case as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii); (2) order that Rules 2 and 3 of the Court's Local Rules of Criminal Procedure do not apply to this case; and (3) permit the parties to submit a joint scheduling order within 30 days of the entry of an order designating this case as complex for review and acceptance by the Court.

    Respectfully submitted,

    ALEXANDER M.M. UBALLEZ
    United States Attorney

    *Electronically filed on December 20, 2024*
    MATTHEW J. McGINLEY
    MARK A. PROBASCO
    Assistant United States Attorneys

I HEREBY CERTIFY that on December 20, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will cause a copy of this filing to be sent to counsel for Defendant.

/s/
MATTHEW J. McGINLEY
Assistant United States Attorney