UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                              CR 1:24-00539 DHU

LABAR TSETHLIKAI,

    Defendant.

**MEMORANDUM OPINION AND ORDER ON
<u>DEFENDANT'S MOTION TO COMPEL DISCOVERY</u>**

**THIS MATTER** is before the Court on Defendant's Motion to Compel Discovery ("Motion"). Doc. 92. The Motion is fully briefed, and the Court heard oral argument from the parties on December 17, 2025. Doc. 121. Having reviewed the parties' pleadings, arguments, the applicable law, and all of the circumstances surrounding the issues raised, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion.

**I. BACKGROUND[1]**

Defendant currently faces a 17-count indictment involving 11 alleged victims: Count 1: 18 U.S.C. § 1201(a)(1): Kidnapping Resulting in Death; Count 2: 18 U.S.C. §§ 1153 and 1111: First Degree Murder; Count 3: 18 U.S.C. §§ 1153 and 1111: First Degree Felony Murder; Count 4: 18 U.S.C. §§ 1153 and 1201(a): Kidnapping Resulting in Death; Counts 5, 6, 9, 11, 13, and 14: 18 U.S.C. §§ 1153 and 1201(a): Kidnapping; Count 7: 18 U.S.C. §§ 1153 and 113(a)(1): Assault with Intent to Commit Murder; Count 8: 18 U.S.C. §§ 1153 and 113(a)(6): Assault Resulting in Serious Bodily Injury; Count 10: 18 U.S.C. §§ 1153, 2241, and 2246(2)(B): Aggravated Sexual Abuse;

---

[1] The Court does not include an extensive background of the case here as it has done so elsewhere on the record and the parties are familiar with the proceedings by this point.

1

Count 12: 18 U.S.C. §§ 1153 and 113(a)(3): Assault with a Dangerous Weapon; and Counts 15, 16, and 17: 18 U.S.C. § 1201(a)(1): Kidnapping. Doc. 52.

On June 27, 2025, the United States filed a "Notice of Intent to Seek the Death Penalty Pursuant to Title 18 United States Code Section 3593." Doc. 75. The United States informed Defendant "that the circumstances of the offense charged in Count One of the Second Superseding Indictment are such that, in the event that Defendant is convicted of this offense, a sentence of death is justified, and the government will seek the sentence of death." *Id*.

Defendant filed his Motion to Compel Discovery, in which he moved the Court to compel the Government to provide numerous categories of information to him. *See* Doc. 92. At the hearing on this Motion, defense counsel notified the Court that the Government has either agreed to disclose or has already disclosed many of the items requested so Defendant was withdrawing his request for many of the items in the Motion. *See* December 17, 2025 Mot. Hr'g Tr. 25:8-12.[2] However, Defendant continues to seek two categories of discovery: first, discovery related to D.B., an alleged victim who is not part of the indictment against Defendant, and second, communication between the United States Attorney's Office and the FBI regarding an interrogation of Defendant on June 15, 2024. *See id.* at 25:12-26:24. The Government opposes the production of both categories of discovery. *See id.* at 29:16-35:13.

## II. LEGAL STANDARDS

"[T]he *Brady* rule, Rule 16 and the Jencks Act, exhaust the universe of discovery to which the defendant is entitled." *United States v. Presser*, 844 F.2d 1275, 1285 (6th Cir. 1988); *see also United States v. Griebel*, 312 F. App'x 93, 95–96 (10th Cir. 2008) (noting the "[G]overnment's

---

[2] This Memorandum Opinion and Order cites to the court reporter's unofficial transcript of the Motion Hearing as "Mot. Hr'g Tr. at page:line(s)." Page citations are subject to change on the official, edited version of the transcript.

discovery obligations [] are defined by Rule 16, *Brady, Giglio* and the Jencks Act" and stating the defendant's request to expand his discovery rights beyond those three sources was unsupported by the law).

In *Brady v. Maryland*, the Supreme Court held that prosecutors must disclose to the defense "evidence favorable to an accused ... [that] is material either to guilt or to punishment" prior to trial. *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Evidence is favorable if it is exculpatory or impeaching. *Douglas v. Workman*, 560 F.3d 1156, 1172–73 (10th Cir. 2009).

This duty to disclose extends "irrespective of the good faith or bad faith of the prosecution." *Id.* "[T]here is never a real '*Brady* violation' unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict." *Strickler v. Greene*, 527 U.S. 263, 281, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682 (1985). "To be 'material,' a defendant does not need to show that the evidence, if disclosed, would have resulted in his acquittal; rather, he must show only that 'the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.' " *United States v. Lujan*, 530 F. Supp. 2d 1224, 1230 (D.N.M. 2008) (quoting *Kyles v. Whitley*, 514 U.S. 419, 434-35, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).

However, the Constitution "does not grant criminal defendants the right to embark on a 'broad or blind fishing expedition among documents possessed by the Government.'" *United States v. Mayes*, 917 F.2d 457, 461 (10th Cir. 1990) (quoting *Jencks v. United States*, 353 U.S. 657, 667 (1957)). Moreover, the Court's "materiality review does not include speculation*." Banks*

3

*v. Reynolds*, 54 F.3d 1508, 1519 (10th Cir. 1995). "The mere possibility that evidence is exculpatory does not satisfy the constitutional materiality standard." *United States v. Fleming*, 19 F.3d 1325, 1331 (10th Cir. 1994).

Rule 16 of the Federal Rules of Criminal Procedure provides in pertinent part that "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control" if "(i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant." Fed. R. Crim. P. 16(a)(1)(E).

The Supreme Court has explained that, in the context of Rule 16, evidence "material to preparing the defense" refers specifically to arguments that respond "to the Government's case in chief" rather than simply any argument that might ultimately prevent a conviction. *United States v. Armstrong*, 517 U.S. 456, 462 (1996). *See also Lujan*, 530 F.Supp.2d at 1234 ("The term 'defense' means an argument in response to the prosecution's case-in-chief, i.e., an argument that refutes the government's claims that the defendant committed the crime charged.").

### III. DISCUSSION

#### A. Discovery related to D.B.

First, Defendant requests full discovery of all items related to D.B. Doc. 92 at 9. D.B. is the victim in an uncharged matter. Doc. 97 at 11. Defendant was a possible suspect in the death of D.B., but the Government has not charged Defendant with involvement in D.B.'s death. *See* Doc. 105 at 5. Defendant argues information related to D.B. is "exculpatory because it would support any defense theory that a third party was responsible [ ] for the crimes." Mot. Hr'g Tr. at 25:22-

25. Defendant argues "discovery related to D.B. is relevant to Mr. Tsethlikai's defense because it would provide evidence that another individual has been and continues to be committing crimes in the same manner that Mr. Tsethlikai has been accused of committing the charged crimes." Doc. 92 at 9. Defendant also directs the Court to *United States v. Bruce*, 984 F.3d 884, 895-96 (9th Cir. 2021), where the Ninth Circuit evaluated a *Brady* violation. *See* Doc. 105 at 6.

In *Bruce,* a defendant faced charges for his involvement, as a corrections officer, in a drug smuggling ring inside a prison. 984 F.3d at 888. The defendant sought discovery related to an investigation into a different prison guard for that guard's involvement in a smuggling operation at a different facility and also evidence of inmate complaints against that other guard. *Id.* at 895. The Ninth Circuit found that evidence related to the other guard was relevant because "evidence that one of [the defendant's] co-workers was accused of engaging in a very similar prison smuggling ring makes it somewhat more probable that a third party was responsible for the crimes [the defendant] was accused of committing." *Id.* at 896. The Court recognized that the defendant "persuasively argues" that this evidence was "exculpatory because it supported the defense theory that a third party was responsible for the crimes he was accused of committing." *Id.*[3] The Government opposes this discovery, arguing primarily that it would be an impermissible fishing expedition. Doc. 92 at 23.

The Court has carefully considered the parties' arguments. The Court is persuaded by Defendant's argument that complete discovery related to D.B. should be disclosed because evidence that a third party is responsible for killing D.B. would make it more probable that a third

---

[3] As Defendant acknowledges in his Reply, Doc. 105. at 6, the Ninth Circuit ultimately did not grant the defendant a new trial based on the *Brady* violation because it found that, given all of the evidence at trial, this particular evidence would not have had a material bearing on the outcome of the trial. 984 F.3d at 899-900.

party could be responsible for the crimes Defendant is accused of committing, thus exculpating Defendant. This is a similar situation to that analyzed in *Bruce*, and significantly, this is a death penalty case. The stakes for Defendant could not be higher. The Court therefore finds that complete discovery related to D.B. is material, and the Court will grant Defendant's request. **The Government shall disclose to Defendant complete discovery related to D.B. within 15 days of entry of this Order.**

### B. Discovery related to communications between the FBI and the United States Attorney's Office

Defendant also seeks, "All communications between the United States attorney's office and the FBI regarding the post-arrest, post-counsel, custodial interrogation of Mr. Tsethlikai on June 15, 2024." Doc. 92 at 10. Defendant requests this information under Rule 16(a)(1)(E)(i), arguing that it is material to his defense. Doc. 105 at 7. He argues that this provision of Rule 16 "does not limit the scope of objects to only those that are material to a defense at trial." *Id.; see also* Mot. Hr'g Tr. at 28:1-8. Defendant argues it is material because it may support a motion to suppress based on a violation of his right to counsel. Mot. Hr'g Tr. at 26:20-28:8. The Government opposes this request and argues that *Brady* does not require disclosure, Doc. 97 at 23, these communications are privileged work product, Mot. Hr'g Tr. at 34:7-11, and there are strong policy reasons to deny the request. *Id.* at 34:12-35:13.

The Court will deny Defendant's request for these communications. In short, the requested communications are not "material to preparing the defense" under Rule 16. The Supreme Court has clearly held that " 'preparing the defense' in [the Rule 16] context deals exclusively with rebuttal of the government's case-in-chief, not the preparation of affirmative defenses." *United States v. Arambula*, 82 F. Supp. 3d 1316, 1319 (D.N.M. 2014) (citing *Armstrong*, 517 U.S. at 462,

116 S.Ct. 1480). This Court is bound by that interpretation. Defendant has requested these communications to support a future motion to suppress, but unfortunately, the Court must find that the requested communications cannot be considered "material to preparing the defense" as they are not sought in relation to rebutting the Government's case-in-chief. Defendant's request for communications between the FBI and the United States Attorney's Office is therefore denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Discovery (Doc. 92) is **GRANTED in part** and **DENIED in part.**

**IT IS FURTHER ORDERED** that the Government shall disclose to Defendant complete discovery related to D.B. within 15 days of entry of this Order.

**IT IS SO ORDERED.**

DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE