IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       1:24-cr-00539-DHU

LABAR TSETHLIKAI,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Before this Court is Labar Tsethlikai's motion for an informational outline of the aggravating factors that the Government intends to present at a penalty phase of trial. Doc. 87. Tsethlikai also requests a pretrial hearing on this matter. *Id.* at 16. For the reasons that follow, Tsethlikai's request for a hearing is **DENIED** and his motion for an informational outline is **GRANTED IN PART** and **DENIED IN PART**.

### I.    BACKGROUND

On April 25, 2024, Tsethlikai was charged by indictment with a single charge of second degree murder in violation of 18 U.S.C. §§ 1153 and 1111. Doc. 1. Over three months later, the Government filed an eleven-count first superseding indictment charging Tsethlikai with the following: kidnapping resulting in death in violation of 18 U.S.C. § 1201(a)(1) (Count 1), first degree murder in violation of §§ 1153 and 1111 (Count 2), first degree felony murder in violation of §§ 1153 and 1111 (Count 3), kidnapping resulting in death in violation of §§ 1153 and 1201(a) (Count 4), kidnapping in violation of §§ 1153 and 1201(a) (Count 5), assault with intent to commit murder in violation of § 1153 and 18 U.S.C. § 113(a)(1) (Count 6), assault resulting in serious bodily injury in violation of §§ 1153 and 113(a)(6) (Count 7), kidnapping in violation of §§ 1153

and 1201(a) (Count 8), aggravated sexual abuse in violation of § 1153 and 18 U.S.C. § 2241 (Count 9), and kidnapping in violation of § 1201(a)(1) (Counts 10 and 11). Doc 23. These charges covered incidents involving six alleged victims. *Id.* at 2-5.

On December 18, 2024, the Government filed a seventeen-count second superseding indictment (hereinafter the "Indictment"). Doc. 51. Counts 1 through 5 in the Indictment mirrored Counts 1 through 5 in the first superseding indictment. *Id.* at 1. The remaining counts are as follows: kidnapping in violation of §§ 1153 and 1201(a) (Count 6); assault with intent to commit murder in violation of §§ 1153 and 113(a)(1) (Count 7); assault resulting in serious bodily injury in violation of §§ 1153 and 113(a)(6) (Count 8); kidnapping in violation of §§ 1153 and 1201(a) (Count 9); aggravated sexual abuse in violation of §§ 1153, 2241, and 18 U.S.C. § 2246(2)(B) (Count 10); kidnapping in violation of §§ 1153 and 1201(a) (Count 11), assault with a dangerous weapon in violation of §§ 1153 and 113(a)(3) (Count 12), kidnapping in violation of §§ 1153 and 1201(a) (Counts 13 and 14), and kidnapping in violation of § 1201(a)(1) (Counts 15 through 17). *Id.* The Indictment covers incidents involving eleven alleged victims. *Id.* at 2-6.

With respect to Count 1, the grand jury alleged additional special findings in conformity with the Federal Death Penalty Act (FDPA), *see* 18 U.S.C. §§ 3591–3598, charging that Tsethlikai was at least 18 years old at the time of the offense under § 3591(a) and possessed the guilty states of mind under § 3591(a)(2)A) through (D). Doc. 51 at 7. The grand jury also charged six statutory aggravating factors under § 3592(c): death during commission of another crime; previous conviction of other serious offenses; heinous, cruel, or depraved manner of committing offense; pecuniary gain; substantial planning and premeditation; and vulnerability of victim. *Id.* at 7-8.

On June 27, 2025, the Government filed a Notice of Intent to Seek the Death Penalty (hereinafter "Notice of Intent") that included the aforementioned statutory intent factors and

statutory aggravating factors, in addition to a non-statutory aggravating factor: pattern of predatory and sexual violence. Doc. 75 at 1-3.

## II.    DISCUSSION

To render a criminal defendant eligible for the death penalty under the FDPA, the government must prove beyond a reasonable doubt any one of the statutory intent factors provided in § 3591(a)(2) and any one of the statutory aggravating factors provided in § 3592(c). *United States v. Bourgeois*, 423 F.3d 501, 506–07 (5th Cir. 2005). If the government proves that the defendant is death-eligible, it may then present non-statutory aggravating factors to demonstrate that a sentence of death is justified. *Id.* at 507.

With respect to proof of aggravating factors, the FDPA provides that "[i]nformation is admissible regardless of its admissibility under the rules governing admission of evidence at criminal trials except that information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury." 18 U.S.C. § 3593(c). "This means that the universe of information that the government might attempt to use is vast and the facts that the government might attempt to prove are many." *United States v. Gendron*, Crim. A. No. 22-109, 2024 WL 3647779, at *1 (W.D.N.Y. Aug. 2, 2024).

### a.    General Right to an Informational Outline

Tsethlikai requests "an informational outline of the statutory and non-statutory aggravating factors that [the Government] intends to prove at a capital-sentencing phase of his trial to support a death sentence." Doc. 87 at 1. He argues that he is entitled to an outline so that he has meaningful notice of what the Government is attempting to prove. *Id.* at 6. He also argues that an outline will enable him to challenge the Government's aggravating factors in pretrial motions, and will enable the Court to make reasoned rulings on those motions and thereby carry out its "essential

gatekeeping function." *Id.* at 6, 8. The Government responds that "[t[he law requires nothing more" than for the Government to inform Tsethlikai through its Notice of Intent which aggravating factors it intends to prove at trial. Doc. 90 at 8.

There is a split of authority as to whether courts can or should require production of an informational outline. Indeed, Tsethlikai cites several cases in which courts within and outside the Tenth Circuit have ordered the government to produce these outlines. Doc. 87 at 10-11 (citing, *inter alia*, *United States v. Llera Plaza*, 179 F. Supp. 2d 464, 472 (E.D. Pa. 2001); *United States v. Rodriguez*, 380 F. Supp. 2d 1041, 1057-58 (D.N.D. 2005); *United States v. Lujan*, 530 F. Supp. 2d 1224, 1269-70 (D.N.M. 2008); *United States v. Karake*, 370 F. Supp. 2d 275, 279-81 (D.D.C. 2005); *United States v. O'Reilly*, 2007 WL 4591856, at *5 (E.D. Mich. Dec. 28, 2007)). Meanwhile, the Government notes that many courts have declined to grant defendants' requests. Doc. 90 at 5 (citing, *inter alia*, *United States v. Higgs*, 353 F.3d 281, 325 (4th Cir. 2003); *United States v. Lee*, 274 F.3d 485, 495 (8th Cir. 2001); *United States v. LeCroy*, 441 F.3d 914, 929-30 (11th Cir. 2006)).

A review of these cases reveals that whether or not an informational outline is required under the FDPA or the Constitution, courts may use their "inherent authority" to order the government to provide additional information about aggravating factors in capital cases. *See Rodriguez*, 380 F. Supp. 2d at 1058; *Lujan*, 530 F. Supp. 2d at 1269-70. Thus, this Court has inherent authority to, if it so wishes, order the Government to provide an informational outline both to protect Tsethlikai's due process right to notice and to facilitate this Court's gatekeeping function.

In any capital case, the government must give the defendant notice of all aggravating factors sufficient to enable the defendant to respond and prepare his case for sentencing. *See United*

4

*States v. Kaczynski*, 1997 WL 34626785, at \*18 (E.D. Cal. Nov. 7, 1997); *Llera Plaza*, 179 F. Supp. 2d at 472. This right to notice necessarily flows from a defendant's due process right to defend against the government's case. *See Kaczynski*, 1997 WL 34626785, at \*18; *Llera Plaza*, 179 F. Supp. 2d at 472. As noted above, a case seeking the death penalty can include broadly worded aggravating factors and myriad facts that might not be admissible in most trials. *See* 18 U.S.C. § 3593(c). What is more, "[t]he severity of the penalty sought . . . warrants special efforts to ensure the fairness of the proceedings." *Lujan*, 530 F. Supp. 2d at 1269. Thus, to provide sufficient notice, the government must inform the defendant of the "theories and facts" that it will use to establish each aggravating factor. *Llera Plaza*, 179 F. Supp. 2d at 472.

An informational outline also assists the court in fulfilling its role as an evidentiary gatekeeper. *See United States v. Fell*, 360 F. 3d 135, 145 (2d Cir. 2004) (explaining that under the FDPA, judges are gatekeepers of constitutionally permissible evidence). The "screening of aggravating factors is essential in channeling, directing[,] and limiting the sentencer's discretion to prevent arbitrary and capricious imposition of the death penalty." *United States v. Cisneros*, 363 F. Supp. 2d 827, 833 (E.D. Va. 2005); *see United States v. Hammer*, 2011 WL 6020157, at \*3 (M.D. Pa. Dec. 1, 2011) (ordering an informational outline in part to ensure that "the Court can properly screen the information" that the government sought to present at sentencing); *Karake*, 370 F. Supp. 2d at 279-80 (explaining that requiring the government to provide more specifics would "provide the court with some frame of reference for ruling on objections to the death penalty notice").

### b.  Specific Aggravating Factors

Tsethlikai argues that the Government should provide an outline of the aforementioned seven aggravating factors because the Indictment and Notice of Intent "contain only vague

allegations, lacking any information about the facts the [G]overnment intends to rely upon." Doc. 87 at 1. The Government responds that through the Indictment, Notice of Intent, and "voluminous discovery," it has provided adequate notice of all aggravating factors it will present at trial. Doc. 90 at 1.

To determine whether a defendant has sufficient notice about an aggravating factor, courts may consider the indictment, the notice of intent, and discovery. *See United States v. Wilson*, 493 F. Supp. 2d 364, 377 (E.D.N.Y. 2006). This being said, even extensive discovery may not be sufficient if the acts and events that are the basis of the aggravating factors are unclear and the government has not said which acts or events it intends to use at sentencing. *Kaczynski*, 1997 WL 34626785, at *19; *Rodriguez*, 380 F. Supp. 2d at 1057-58.

The Court reviews Defendant's outline request of the seven factors in turn.

### i. Death during commission of another crime - § 3592(c)(1)

The Notice of Intent states that John Doe 1's "death, and injury resulting in death, occurred during the commission, or attempted commission, or during immediate flight from the commission of an offense under 18 U.S.C. § 1201 [kidnapping]." Doc. 75 at 2.

In *Lujan*, the government listed "death during commission of another crime, 18 U.S.C. § 3592(c)(1)" as one of four statutory aggravating factors in its notice of intent to seek the death penalty. 530 F. Supp. 2d at 1270. Judge Brack held that because defense counsel conceded that the factor was "relatively straightforward" given that the death occurred during a kidnapping, no informational outline was necessary as to this factor. *Id.* Similarly here, it is straightforward that John Doe 1's death occurred during Tsethlikai's commission of another crime: kidnapping. In the Indictment, Count 1 states that Tsethlikai kidnapped John Doe 1 and "death resulted." Doc. 51 at 2. In the Notice of Special Findings section, the Indictment states that Tsethlikai "[c]aused death,

and injury resulting in death, during the commission, attempted commission, and immediate flight from the commission of an offense under 18 U.S.C. § 1201." *Id.* at 7.

Given that the Indictment together with the Notice of Intent specifically describe both the death that occurred (John Doe 1's) and the crime that was committed to precipitate that death (kidnapping), the Court finds that no informational outline is necessary.

### ii. Previous conviction of other serious offenses - § 3592(c)(4)

The Notice of Intent states that Tsethlikai "has previously been convicted of 2 or more Federal or State offenses, punishable by a term of imprisonment of more than 1 year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person." Doc. 75 at 2. The Court finds that this aggravating factor is "relatively straightforward" due to Tsethlikai presumably being "well aware of his own criminal history." *United States v. McCluskey*, Crim. A. No. 10-2734, 2013 WL 12330139, at *2 (D.N.M. May 28, 2013). Accordingly, "it appears unnecessary for the Government to provide him with further information regarding these convictions." *Id.*

### iii. Heinous, cruel, or depraved manner of committing offense - § 3592(c)(6)

The Notice of Intent states that Tsethlikai committed Count 1—kidnapping resulting in death—"in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to John Doe 1." Doc. 75 at 2. The Court finds that this aggravating factor "is broad enough that [Tsethlikai] is entitled to additional information in order to allow him to prepare his defense." *McCluskey*, Crim. A. No. 10-2734, Doc. 645 at 16. Thus, the Government must outline the factual basis on which it intends to establish this factor.

#### iv.    Pecuniary gain - § 3592(c)(8)

The Notice of Intent states that Tsethlikai committed Count 1 "as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value." Doc. 75 at 3. The Court finds that this aggravating factor is "broad enough that [Tsethlikai] is entitled to additional information in order to allow him to adequately prepare a defense." *United States v. Taylor*, Crim. A. No. 07-1244 (D.N.M.), Doc. 236 at 9. Thus, the Government must outline the factual basis on which it intends to establish this factor.

#### v.    Substantial planning and premeditation - § 3592(c)(9)

The Notice of Intent states that Tsethlikai committed Count 1 "after substantial planning and premeditation to cause the death of" John Doe 1. Doc. 75 at 3. The Court finds that this aggravating factor is "broad enough that [Tsethlikai] is entitled to additional information in order to allow him to adequately prepare a defense." *Taylor*, Crim. A. No. 07-1244, Doc. 236 at 9. Thus, the Government must outline the factual basis on which it intends to establish this factor, including which acts constituted planning and when and where those acts took place.

#### vi.    Vulnerability of victim - § 3592(c)(11)

The Notice of Intent states that John Doe 1 "was particularly vulnerable due to infirmity." Doc. 75 at 3. The Government does not specify what infirmity John Doe I had. Thus, the Government must outline the factual basis on which it intends to establish this factor.

#### vii.    Pattern of predatory and sexual violence

The Notice of Intent states that Tsethlikai "engaged in a pattern of predatory and sexual violence against other individuals, including John Does 2 through 11, as alleged in Counts 2 through 17 of the Second Superseding Indictment, as well as other uncharged John Does." Doc. 75 at 3.

8

As to John Does 2 through 11, the Court notes that the Indictment only alleges that Tsethlikai engaged in sexual behavior as it pertains to John Does 2 and 5. Doc. 51 at 2, 4. Notwithstanding, given the potential breadth of actions that might apply to the alleged victims and the lack of specificity as to the acts and timing, the Government must identify what predatory and sexual violence Tsethlikai engaged in regarding John Does 2 through 11.

As to "other uncharged John Does," the allegation that Tsethlikai committed violence against unidentified victims "creates ambiguity as to whether the Government will present evidence of additional acts of violence outside the crimes charged in the indictment." *Lujan*, 530 F. Supp. 2d at 1271. Accordingly, the Government must provide a comprehensive list of each unadjudicated act of violence that it intends to introduce into evidence.

### c.  Request for a Pretrial Hearing

Tsethlikai requests a pretrial hearing "to address any other questions the Court may have regarding this motion, or the relief [he] seeks from the Court." Doc. 87 at 16. However, the parties' submissions did not create any questions. Further, as determined above, the written submissions support a finding that Tsethlikai should receive an informational outline regarding certain factors but not regarding others. Therefore, the request for a hearing is denied.

### III.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Tsethlikai's request for a pretrial hearing, and **GRANTS IN PART** and **DENIES IN PART** his motion for an informational outline.

The Court **GRANTS** Tsethlikai's motion as to the aggravating factors of (1) heinous, cruel, or depraved manner of committing offense; (2) pecuniary gain; (3) substantial planning and premeditation; (4) vulnerability of victim; and (5) pattern of predatory and sexual violence. The

Court **DENIES** Tsethlikai's motion as to the aggravating factors of (1) death during commission of another crime and (2) previous conviction of other serious offenses.

The Government shall produce an outline of the aforementioned five factors by April 20, 2026. By May 4, 2026, Tsethlikai shall file any motions related to the outline. The Government may supplement the outline if it shows good cause and gives Tsethlikai adequate notice. *See United States v. Con-Ui*, 2016 WL 9331115, at *19 (M.D. Pa. Jan. 28, 2016).

    **IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE